**In re XEROX CORP. SECURITIES LITIGATION**

**No. MDL–1463.**

Judicial Panel on Multidistrict Litigation.

June 19, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

This litigation presently consists of 22 actions: 21 actions in the District of Connecticut and one action in the Northern District of Florida. Before the Panel is a motion by the Xerox Corporation (Xerox) and affiliated defendants, pursuant to 28 U.S.C. § 1407, to centralize these actions in the District of Connecticut for coordinated or consolidated pretrial proceedings. The Florida plaintiffs and defendant KPMG LLP agree that centralization in the Connecticut court is appropriate.

■ On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact arising out of allegations that Xerox, individual Xerox defendants, and Xerox's outside auditor, KPMG LLP, violated the federal securities laws by engaging in various improper accounting practices which resulted in certain materially false and misleading public statements that artificially inflated the price of Xerox's common stock and/or bonds. The Panel also finds that centralization in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

■ The District of Connecticut stands out as the appropriate transferee forum for this litigation. We note that i) 21 actions now before the Panel are pending there before Judge Alvin W. Thompson, and ii) all parties agree upon Section 1407 centralization in the Connecticut court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action on the attached Schedule A pending in the Northern District of Florida is transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Alvin W. Thompson for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1463—In re Xerox Corp. Securities Litigation*

*District of Connecticut*

*Russell Carlson, et al. v. Xerox Corp., et al.,* C.A. No. 3:00–1621

*Roslyn Feder v. Xerox Corp., et al.,* C.A. No. 3:00–1758

*Joseph Gladke v. Xerox Corp., et al.,* C.A. No. 3:00–1779

*Sylvia Cohen v. Xerox Corp., et al.,* C.A. No. 3:00–1792

*Paul Dantzig v. Xerox Corp., et al.,* C.A. No. 3:00–1795

*Susan Fleischman v. Xerox Corp., et al.,* C.A. No. 3:00–1824

*Herman Krangel, et al. v. Xerox Corp., et al.,* C.A. No. 3:00–1846

*Noah Minkin v. Xerox Corp., et al.,* C.A. No. 3:00–1883

*Dr. Robert Corwin v. Xerox Corp., et al.,* C.A. No. 3:00–1908

*James A. Francis v. Xerox Corp., et al.,* C.A. No. 3:00–1916

*David Scott Snyder v. Xerox Corp., et al.,* C.A. No. 3:00–1967

*Kenneth Mady v. Xerox Corp., et al.,* C.A. No. 3:00–2029

*Margolis Partnership v. Xerox Corp., et al.,* C.A. No. 3:01–244

*Roelf Iest v. Xerox Corp., et al.,* C.A. No. 3:01–285

*Debbie Anderson v. Xerox Corp., et al.,* C.A. No. 3:01–341

*Garth Nicholls v. Xerox Corp., et al.,* C.A. No. 3:01–449

*George T. Demarest v. Xerox Corp., et al.,* C.A. No. 3:01–497

*Wazir Sajan v. Xerox Corp., et al.,* C.A. No. 3:01–583

*Michael Eannazzo v. Xerox Corp., et al.,* C.A. No. 3:01–584

*1993 GF Partnership # 3, et al. v. Xerox Corp., et al.,* C.A. No. 3:01–591

*David A. Del Corso v. Xerox Corp., et al.,* C.A. No. 3:01–614

*Northern District of Florida*

*Florida State Board of Administration, et al. v. Xerox Corp., et al.,* C.A. No. 4:02–8